# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

KPMG INTERNATIONAL COOPERATIVE AND KPMG, LLP

**(b)** County of Resident of First Listed Plaintiff  New York, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Hara K. Jacobs, Esquire
Steven D. Kim, Esquire
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103\
Tel: (215) 864-8209

Of Counsel:

Martin P. Michael
Rebecca Hughes Parker
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY  10020
Tel:  (212) 768-6700

**DEFENDANTS**

KEVIN P. MCMANUS AND KPM GROUP, LLC

County of Residence of First Listed  Montgomery, Pennsylvania
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place Of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | ☐ 423 Individual | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury- | of Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| &Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| Student Loans (Excl. | ☐ 340 Marine | | ☐ 690 Other | | ☐ 850 Securities/Commodities/ |
| Veterans) | ☐ 345 Marine Product | **PERSONAL PROPERTY** | | **SOCIAL SECURITY** | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | Act | ☐ 863 DIWC/DIWW | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | Property Damage | ☐ 720 Labor/Mgmt. Relations | (405(G)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Tort Product Liability | ☐ 360 Other Personal | ☐ 385 Property Damage | ☐ 730 Labor/Mgmt Reporting | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | Injury | Product Liability | & Disclosure Act | ☐ 765 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | Habeas Corpus: | Security Act | or Defendant) | Determination Under |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/ | ☐ 530 General | | ☐ 871 IRS–Third Party | Equal Access to Justice |
| ☐ 290 All Other Real Property | Accommodations | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 950 Constitutionality of |
| | ☐ 444 Welfare | ☐ 540 Mandamus &Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and writ brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Trademark infringement, trademark dilution, cybersquatting, and federal unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125;

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Unspecified/Injunctive Relief

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

| VIII. | RELATED CASE(S) IF ANY | (See instructions): | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|---|

| DATE | SIGNATURE OF A ATTORNEY OF RECORD – Hara K. Jacobs, Esquire |
|---|---|
| MARCH 10, 2010 | *Hara Jacobs* |

| FOR OFFICE USE ONLY |
|---|

| RECEIPT # _____ | AMOUNT _____ | APPLYING IFP _____ | JUDGE _____ | MAG. JUDGE _____ |
|---|---|---|---|---|

JS 44 Reverse (Rev. 12/96)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Remove from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

**Appendix F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiffs: KPMG International: Stadlin Advokatur, Baarerstrasse 12, 6300 Zug, Switzerland
KPMG LLG: 345 Park Avenue, New York, New York, 10154-0102

Address of Defendants: 3160 Deer Creek Road, Collegeville, PA, 19426

Place of Accident, Incident or Transaction: Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? (Attach two copies of the Disclosure Statement Form in accordance with Fed. R.Civ.P. 7.1(a))     Yes ☐  No ☒

Does this case involve multi-district litigation possibilities?     Yes ☐  No ☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐  No ☒

CIVIL: (Place √ in ONE CATEGORY ONLY)

A. *Federal Question Cases*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases (Please specify)
**Trademark Infringement Pursuant to 15 U.S.C. §§ 1114 and 1125**

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -- Asbestos
9. ☐ All other Diversity Cases

(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Hara K. Jacobs, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 3/10/2010  _____ Hara K. Jacobs, Attorney-at-Law     PA 74832
Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/10/2010  _____ Hara K. Jacobs, Attorney-at-Law     PA 74832
Attorney I.D. #

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| KPMG INTERNATIONAL COOPERATIVE and KPMG LLP | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. |
| KEVIN P. MCMANUS and KPM GROUP LLC | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management  -  Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| March 10, 2010 | Hara K. Jacobs | Plaintiffs KPMG International Cooperative and KPMG LLP |
| **Date** | **Attorney-at-Law** | **Attorney for** |
| (215) 864-8209 | (215) 864-8999 | jacobsh@ballardspahr.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KPMG INTERNATIONAL COOPERATIVE and KPMG LLP, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO.: |
| KEVIN P. MCMANUS and KPM GROUP LLC, | |
| Defendants. | |

## COMPLAINT

Plaintiffs KPMG International Cooperative ("KPMG International") and KPMG LLP, by their attorneys Sonnenschein Nath & Rosenthal LLP and Ballard Spahr LLP, as and for their Complaint against Defendants Kevin P. McManus ("McManus") and KPM Group LLC ("KPMGroup")[1], allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff KPMG International is a Swiss cooperative, which is a legal entity formed under Swiss law.  It is the entity with which all the member firms of the KPMG network are affiliated.  KPMG International is the owner of the distinctive name and mark KPMG (the "KPMG Marks").  Plaintiff KPMG LLP is the United States member firm of KPMG International.  KPMG LLP is licensed to use the KPMG Marks in the United States.  KPMG International uses the domain name WWW.KPMG.COM.  KPMG LLP promotes its services in the United States at the domain name WWW.US.KPMG.COM.

---

[1] In the banner of Defendants' website, Defendants prominently refer to themselves as "KPMGroup."

2.     KPMG LLP provides to its clients, *inter alia*, advisory services in the areas of transactions and restructuring, project management, performance and technology, shared services and sourcing, risk and compliance, and credit risk management.

3.     The KPMG Marks are famous and immediately recognizable throughout the United States and are closely associated with the services offered by KPMG LLP.

4.     Upon information and belief, Defendants offer management consulting services, including information technology advisory services, project management, vendor sourcing, and credit risk management. Defendants advertise and promote those services at the website WWW.KPMGRP.COM. Upon information and belief, Defendant McManus, a former principal of KPMG LLP, is the founder and principal of KPMGroup. Upon information and belief, McManus controls and directs the business and operations of KPMGroup.

5.     Plaintiffs bring this action seeking, *inter alia*, a judgment that Defendants have: (i) infringed the federally registered KPMG Marks by, *inter alia*, using the names KPMGroup and KPM Group, which are likely to cause confusion, mistake and deception in violation of § 32 of the *Lanham Act*, 15 U.S.C. § 1114; (ii) violated Plaintiffs' rights under the federal unfair competition law codified at § 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a) by, *inter alia*, using false designations of origin, including KPMGroup, that are likely to cause confusion, mistake or deception as to the affiliation, connection or association with Plaintiffs; (iii) diluted the distinctive quality of Plaintiffs' valuable rights in the KPMG Marks in violation of § 43(c) of the *Lanham Act*, 15 U.S.C. § 1125(c); (iv) improperly registered, trafficked in and/or used the internet domain name "WWW.KPMGRP.COM" in violation of Plaintiffs' rights under the *Anticybersquatting Consumer Protection Act* ("ACPA"), Section 43(d) of the *Lanham Act*, 15 U.S.C. § 1125(d); (v) diluted the distinctive quality of Plaintiffs' valuable rights in the KPMG

Marks in violation of 54 Pa. Const. Stat. § 1124; and (vi) engaged in unfair competition in violation of the common law of Pennsylvania.

6.　　Defendants' acts have caused and continue to cause irreparable damage and injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.  Plaintiffs seek injunctive relief, transfer to Plaintiffs or cancellation of the WWW.KPMGRP.COM domain name, compensatory damages, Defendants' profits, and other appropriate relief as set forth more fully below.

## **PARTIES**

7.　　KPMG International is a Swiss cooperative organized and existing under the laws of Switzerland and with a registered office address at Stadlin Advokatur, Baarerstrasse 12, 6300 Zug, Switzerland.  KPMG International carries on business activities for the overall benefit of the KPMG network of member firms but does not provide professional services to clients. Professional services to clients in the areas of audit, tax and advisory services are exclusively provided by member firms.

8.　　KPMG LLP is a limited liability partnership, duly organized under the laws of the State of Delaware, with its headquarters located at 345 Park Avenue, New York, New York, 10154-0102.  KPMG LLP is the United States member firm of KPMG International.  KPMG LLP is one of the "Big 4," the name often used to collectively describe the four largest national accounting and auditing firms in the United States.  KPMG LLP has offices throughout the United States, including five offices in the Commonwealth of Pennsylvania and one office in the City of Philadelphia.  KPMG LLP offers, *inter alia*, the highest quality advisory services, including in the areas of financial transactions and restructuring, project management,

performance and technology, credit risk management, risk and compliance, contract compliance services, and shared services and sourcing (collectively, "KPMG Services").

9. Upon information and belief, KPMGroup is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 3160 Deer Creek Road, Collegeville, PA, 19426. KPMGroup competes with KPMG LLP in the United States by offering various consulting services that are the same as or substantially similar to the KPMG Services.

10. Upon information and belief, the founder and principal of KPMGroup is Kevin McManus. Upon information and belief, McManus resides in Pennsylvania. He is a former principal of KPMG LLP's consulting practice. Upon information and belief, McManus directs and controls the business and operations of KPMGroup.

## SUBJECT MATTER JURISDICTION

11. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121(a), 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b), and 28 U.S.C. § 1367. Federal jurisdiction is also proper based on 28 U.S.C. § 1332(a), as there is diversity of citizenship of the parties and the amount in controversy exceeds $75,000. This Court may grant Plaintiffs' requested relief pursuant to the *Lanham Act*, 15 U.S.C. § 1051 *et seq.*, and pursuant to the relevant common law and the general laws of the Commonwealth of Pennsylvania.

## PERSONAL JURISDICTION

12. Defendant McManus is subject to jurisdiction in Pennsylvania because he is a citizen of the Commonwealth of Pennsylvania.

13. Defendant KPMGroup is subject to jurisdiction in Pennsylvania because its principal place of business is located in the Commonwealth of Pennsylvania.

14.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §

1391(b) because, *inter alia*, (i) upon information and belief all the Defendants reside in this

district and Defendants are subject to personal jurisdiction in this district (28 U.S.C. § 1391(c)),

and (ii) a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

**FACTUAL BACKGROUND**

**Plaintiffs' Rights**

15.     KPMG LLP provides to clients in the United States, *inter alia*, broad-based

accounting, auditing, tax, and advisory services, including the KPMG Services.

16.     The KPMG Marks are famous and immediately recognizable throughout the

United States and are closely associated with the KPMG Services.  Comprehensive descriptions

of the KPMG Services are available at WWW.US.KPMG.COM.  KPMG International and

KPMG member firms, including KPMG LLP, have continuously and extensively used the

KPMG Marks since 1987.  Through this continuous use, Plaintiffs have acquired strong statutory

and common law rights in the KPMG Marks.

17.     KPMG International owns several United States Trademark Registrations for the

KPMG Marks on the Principal Register, including Reg. Nos. 2,339,547 and 2,386,745.  Each of

these registrations has become incontestable under § 15 of the Lanham Act (15 U.S.C. § 1065),

and, as a result, is conclusive evidence of the validity of the KPMG Marks and of the registration

of the KPMG Marks, KPMG International's ownership of the KPMG Marks, and of its exclusive

right to use the KPMG Marks in commerce.  Copies of records of these registrations,

downloaded from the U.S. Patent and Trademark Office are attached hereto as Exhibit A and are

made part of this Complaint.

18.     KPMG International has used an active website on the Internet under the domain name WWW.KPMG.COM since 1992.

19.     KPMG LLP's website - WWW.US.KPMG.COM - provides information about KPMG LLP, including its services, educational materials and seminars, office locations, contact information, and recruiting information, among other things.

20.     KPMG LLP employs more than 22,000 people delivering audit, tax and advisory services in offices around the United States.  Annual revenues of KPMG LLP from its services rendered in the United States total in the billions of dollars.  KPMG LLP spends millions of dollars each year on marketing, advertising, recruiting, and community outreach programs in the United States, all under or in connection with the KPMG Marks.  In connection with community outreach, KPMG LLP is a sponsor of Major League Baseball's "Reviving Baseball in Inner Cities" ("RBI") program, and recently held a nationwide "Bear Hugs" event, wherein partners and employees assembled thousands of stuffed bears as holiday gifts for needy children.  As a result, the KPMG Marks are famous and widely recognized by the general consuming public of the United States as a designation of source of the services of KPMG LLP and in connection with KPMG LLP's community and philanthropic activities.

21.     The KPMG Marks have acquired fame, secondary meaning and substantial goodwill in the United States and worldwide, and are invaluable assets.

**Defendants' Willful Infringement of the Marks**

22.     KPMGroup's managing partner Kevin McManus began his employment with KPMG LLP in August 1988 and became a principal in KPMG LLP's consulting practice beginning on July 1, 1995.  Upon information and belief and unbeknownst to Plaintiffs, in November of 2004, McManus formed KPMGroup, which, according to the Defendants' website

at WWW.KPMGRP.COM, is a "management consulting and systems integration firm." Upon information and belief, Defendants perform many of the same services that McManus performed while a principal of KPMG LLP and that KPMG LLP still offers today.

23. Upon information and belief, Defendants have deliberately chosen the names KPMGroup and KPM Group and the domain name WWW.KPMGRP.COM (collectively, the "Infringing Names") to create confusion and the false appearance of endorsement, sponsorship by or affiliation with Plaintiffs. The logo "KPMGroup" (i.e., no space between the "M" and the "G") -- a logo that is dominated by the letters "KPMG" -- is placed prominently at the top of the front page of the KPMGroup website. A copy of the KPMGroup logo is attached hereto as Exhibit B. Defendants further this confusion by displaying a website at WWW.KPMGRP.COM that resembles the color and style of the Plaintiffs' websites at WWW.KPMG.COM and WWW.US.KPMG.COM. Defendants thus enhance the false impression that KPMGroup is affiliated with or sponsored by Plaintiffs.

24. McManus, who was a principal of KPMG LLP beginning in 1995, was well aware of the KPMG Marks when he founded KPMGroup in 2004.

25. On information and belief, McManus purposefully selected the Infringing Names in bad faith to trade off the goodwill of his former employer's famous KPMG Marks. McManus's selection of the word "Group" for his new business, which on information and belief was not a "group" when it was formed, evinces his intent to create consumer confusion by adopting a mark consisting of the letters "KPMG". Likewise, McManus's design of the KPMGroup logo, which is inconsistent with the actual name of his company, "KPM Group LLC," heightens consumer confusion by deleting the space between the letters "KPM" and "Group", resulting in a mark that appears to the consumer as KPMG.

26.     Defendants have furthered their efforts to cause confusion and trade upon the fame, reputation, and valuable goodwill associated with the KPMG Marks by employing a domain name, WWW.KPMGRP.COM, that completely incorporates the KPMG Marks and is likely to cause confusion, mistake or deception.

27.     The representations on the KPMGroup website further exacerbate consumer confusion, with statements designed to mislead consumers into believing that KPMGroup is affiliated, associated or connected with KPMG.   These representations include that KPMGroup, a business that, on information and belief, is run out of McManus's personal residence, is a "network of over 5,000 professionals," and repeated emphasis on the alleged "global" and "international" reach and experience of KPMGroup.   KPMG International has, for many years, accurately described its business structure as a global network of professional firms. Defendants' calculated decision to advertise and promote KPMGroup using the well-known attributes and description of Plaintiffs' business is further evidence of Defendants' bad-faith intent to cause consumer confusion, mistake and deception.

28.     Upon information and belief, and according to Registrar Fast Domain's WHOIS database, on February 16, 2008, Defendants, through HostMonster.com, registered the domain name WWW.KPMGRP.COM.

29.     Upon information and belief, Defendants first used a "placeholder" website at WWW.KPMGRP.COM.

30.     Sometime not long after June 2008, Defendants replaced the placeholder website and began using the website to advertise and promote Defendants' services, many of which also are offered in the United States by KPMG LLP, as explained more fully below.

31.     Plaintiffs first became aware of Defendants' use of the marks KPMGroup, and KPM Group, and the registration and use of the domain name WWW.KPMGRP.COM in May 2009.

32.     Defendants are not and have never been licensed or otherwise authorized by Plaintiffs to use the KPMG Marks or any name, mark or domain name confusingly similar thereto.

**KPMG LLP's and Defendants' Services Directly Compete**

33.     KPMGroup's services directly compete with services offered by KPMG LLP in the United States.

34.     Defendants' services promoted on their website, WWW.KPMGRP.COM, include information technology consulting, such as information technology program management. Defendants' website notes that KPMGroup is focused on "management of complex system projects; management consulting to innovate and overcome business challenges; and, optimum leverage of technology services and outsourcing options."

35.     KPMG LLP offers a variety of services to help companies manage their performance and technology, including the same or substantially the same services Defendants purport to offer.  KPMG LLP's website, WWW.US.KPMG.COM, states that KPMG LLP works with companies to "harness their IT [information technology] investments to generate greater business value and manage risk more effectively [and] to help reduce IT operating costs, improve speed and quality of service, and increase adaptability for the evolving business landscape."

36.     Defendants' website states that they provide "Project Advisory Services based on a project management methodology that is proven and effective."  Similarly, KPMG LLP

provides Major Projects Advisory ("MPA") services to project owners to help them assess and focus on project governance, processes and management outputs.

37.     Defendants' website states that they provide "Risk Management by leverage of 'Surety' to assign risk to software vendors and system integrators," and "Technology Partner Management to drive true vendor accountability and responsibility."  Similarly, KPMG LLP provides clients with Contract Compliance Services, wherein clients' vendor agreements are reviewed to assess adherence with pricing clauses including cost plus, most favored customer and many others.

38.     Defendants' website states that they provide "Intelligent Sourcing to get the right resources with the right skills."  Similarly, KPMG LLP provides "Shared Services and Sourcing," expertise to assist clients with outsourcing or the implementation and operation of shared services.  KPMG LLP's website at WWW.US.KPMG.COM describes "Strategic sourcing and procurement" as an area of its consulting to achieve business effectiveness.

39.     Both Defendants and KPMG LLP provides Credit Risk Management Services.

**Plaintiffs' Communication with Defendants**

40.     On our about June 29, 2009, counsel for KPMG LLP sent a letter via Federal Express and electronic mail to Defendants informing them of their infringing and otherwise improper conduct.  Plaintiffs attempted to reach an amicable resolution, but were unable to do so.

**Plaintiffs are Being Irreparably Harmed**

41.     As a consequence of the Defendants' use of the Infringing Names, the public is likely to believe mistakenly and to be confused into thinking that Defendants and their services originate with, are affiliated with or are approved by Plaintiffs.

42.     Such confusion and mistake have and will cause irreparable harm to Plaintiffs. For example, dissatisfaction with Defendants or their services will mistakenly be attributed to Plaintiffs, and any adverse publicity associated with Defendants will reflect negatively upon Plaintiffs.

43.     Plaintiffs will continue to be irreparably harmed as long as Defendants are allowed to continue their use of KPMGroup, KPM Group, WWW.KPMGRP.COM, or any other name, mark or domain name featuring the initials KPM followed by the letter G, or a word or term beginning with the letter G, or any other word or mark confusingly similar to the KPMG Marks.

### Count I - Trademark Infringement
**(Violation of § 32(1) of the *Lanham Act*, 15 U.S.C. 1114(1))**

**(Against both Defendants)**

44.     Plaintiffs re-allege paragraphs 1-43 as though set forth in full herein.

45.     KPMG International owns and KPMG LLP is licensed to use the KPMG Marks in the United States to identify its auditing, tax and advisory services, including on KPMG LLP's website at WWW.US.KPMG.COM.  KPMG International's federal registrations for the KPMG Marks are valid, subsisting, and in full force and effect, and have become incontestable.  Such registrations constitute *prima facie* evidence of the validity of the KPMG Marks and of KPMG LLP's right to use the KPMG Marks in the United States in connection with its services.

46.     Such registrations provide constructive notice to Defendants and all others of KPMG International's claim to ownership of the KPMG Marks pursuant to Section 22 of the Lanham Act  (15 U.S.C. § 1072).  Further, McManus was a principal of KPMG LLP in its consulting practice, and is thus aware of the KPMG Marks and the KPMG Services.

47.     Through KPMG LLP's extensive expenditure of time, money, labor, and other efforts in marketing and promoting the KPMG Marks in the United States, KPMG LLP has created a distinctive designation to the U.S. public that it is the source of the KPMG Services associated with the KPMG Marks, and KPMG LLP has developed exceedingly valuable goodwill and reputation for the KPMG Marks in the United States.

48.     Despite Plaintiffs' well known and established prior rights in the KPMG Marks, Defendants used and are using the Infringing Names in connection with the same or substantially the same services that are provided by KPMG LLP in the United States under the KPMG Marks, which services move through the same or similar channels of trade and are sold to the same or similar classes of customers.

49.     Defendants have continued their unauthorized and infringing use of the Infringing Names even after receiving a demand from counsel for KPMG LLP that such activity cease.

50.      Defendants' use of the Infringing Names is likely to cause confusion, mistake and/or deception.  For example, by reason of Defendants' use of the Infringing Names, the public is likely to believe, contrary to fact, that Defendants are affiliated with Plaintiffs, that Defendants' website is approved by or connected with Plaintiffs, and that Defendants' services are approved by or associated with Plaintiffs.

51.     Unless enjoined, Defendants will continue their unauthorized use of the KPMG Marks.

52.     Defendants' aforementioned uses of the Infringing Names constitute willful and knowing infringement of the KPMG Marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

53.     Defendants' infringement has caused irreparable injury and damage to Plaintiffs, and unless enjoined will continue to cause irreparable injury and damage to Plaintiffs for which Plaintiffs have no adequate remedy at law.

54.     Plaintiffs are entitled to injunctive, monetary and other relief pursuant to Sections 34, 35 and 36 of the *Lanham Act*, 15 U.S.C. §§ 1116, 1117, and 1118.

### Count II - False Designation of Origin and False Representations
### (Violation of § 43(a) of the *Lanham Act*, 15 U.S.C. 1125(a))

**(Against both Defendants)**

55.     Plaintiffs re-allege paragraphs 1 - 54 as though set forth in full herein.

56.     Defendants' use of the Infringing Names as set forth above constitutes false designation of origin and false descriptions and representations of fact, in that such use is likely to cause confusion, mistake and/or deception as to the affiliation, connection or association of Defendants and/or their services with Plaintiffs and/or the services provided by KPMG LLP in the United States.

57.     For example, Defendants' use of the Infringing Names is likely to cause the public to believe falsely that Defendants and their services originate with or are sponsored, approved or licensed by, or are in some other way associated or connected with Plaintiffs and/or the services of KPMG LLP conducted under the KPMG Marks.

58.     Defendants' acts complained of herein constitute willful violations of Section 43(a)(1) of the Lanham Act, 15 U.S.C. §1125(a).

59.     Defendants' acts complained of herein have caused irreparable injury and damage to Plaintiffs, and unless enjoined will continue to cause irreparable injury and damage to Plaintiffs for which Plaintiffs have no adequate remedy at law.

60. For this violation of Section 43(a)(1) of the Lanham Act, Plaintiffs are entitled to injunctive, monetary and other relief pursuant to Sections 34, 35 and 36 of the *Lanham Act*, 15 U.S.C. §§ 1116, 1117, and 1118.

### Count III - Trademark Dilution
### (Violation of § 43(c) of the Lanham Act, 15 U.S.C. 1125(c))

### (Against both Defendants)

61. Plaintiffs re-allege paragraphs 1-60 as though fully set forth herein.

62. The KPMG Marks are famous and are of a distinctive quality. KPMG LLP has used the KPMG Marks in the United States for many years to identify its services. By virtue of KPMG LLP's long, extensive and continuous use of the KPMG Marks in interstate commerce, the KPMG Marks have acquired great recognition and have become and continue to be famous within the meaning of Section 43(c) of the *Lanham Act*, 15 U.S.C. § 1125(c).

63. The KPMG Marks were famous and distinctive in the United States years before Defendants commenced use of the Infringing Names.

64. Defendants' aforementioned use of the Infringing Names is likely to cause dilution by blurring in that such use impairs the distinctiveness of the famous KPMG Marks and dilution by tarnishment of the famous KPMG Marks in that such use by persons or entities not affiliated with Plaintiffs harms the reputation of the famous KPMG Marks.

65. Defendants' acts set forth above constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

66. Defendants' acts of dilution by blurring and dilution by tarnishment have caused irreparable injury and damage to Plaintiffs, and unless this Court enjoins Defendants from further commission of said acts, Plaintiffs will continue to suffer irreparable injury and damage for which they have no adequate remedy at law.

67.     Plaintiffs are entitled to injunctive, monetary and other relief pursuant to Sections

34, 35 and 36 of the *Lanham Act*, 15 U.S.C. § 1116, 1117, 1118, and 1125(c).

**Count IV – Cybersquatting**
**(Violation of § 43(d) of the *Lanham Act*, 15 U.S.C. § 1125(d))**

**(Against both Defendants)**

68.     Plaintiffs re-allege paragraphs 1-67 as though set forth in full herein.

69.     Upon information and belief, Defendants have a bad-faith intent to profit from

their infringement of the KPMG Marks.

70.     Defendants have no valid trademark or other intellectual property or other rights

to the name or mark KPMGroup or any other name or mark featuring KPM and Group.

71.     Defendants registered and use a domain name that is identical or confusingly

similar to the KPMG Marks.  The KPMG Marks were famous and distinctive at the time

Defendants registered their domain name.

72.     Upon information and belief, Defendants' use of the domain name

WWW.KPMGRP.COM was and is not *bona fide*, as it was and is done with the intent to benefit

and profit from confusion with Plaintiffs and the KPMG Marks.

73.     Upon information and belief, McManus, a former principal of KPMG LLP and

founder and principal of KPMGroup, selected the domain name WWW.KPMGRP.COM in bad

faith.

74.     Defendants are acting with the bad-faith intent to divert to KPMGroup's website,

bearing the domain name WWW.KPMGRP.COM, potential customers from KPMG LLP and its

website, bearing the domain name WWW.US.KPMG.COM, in a manner that has harmed and is

likely to continue to harm the goodwill represented by the KPMG Marks for commercial gain

and/or with the intent to tarnish or disparage the KPMG Marks by creating a likelihood of

confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' website and services.

75.     Defendants' acts set forth above constitute cybersquatting in violation of Section 43(d) of the *Lanham Act*, 15 U.S.C. § 1125(d).

76.     Defendants' acts of cybersquatting complained of herein were undertaken with the intention to cause confusion, deception, and mistake and to profit from the KPMG Marks, and have caused irreparable injury and damage to Plaintiffs, and unless enjoined will continue to cause irreparable injury and damage to Plaintiffs for which Plaintiffs have no adequate remedy at law.

77.     For this violation of Section 43(a) of the Lanham Act, Plaintiffs are entitled to injunctive, monetary and other relief pursuant to Sections 34, 35 and 43(d) of the *Lanham Act*, 15 U.S.C. §§ 1116, 1117 and 1125(d).

### Count V - Injury to Business or Reputation; Dilution
### (Violation of 54 Pa. Cons. Stat. § 1124)

**(Against both Defendants)**

78.     Plaintiffs re-allege paragraphs 1-77 as though set forth in full herein.

79.     The KPMG Marks are famous and are of a distinctive quality.  KPMG LLP has used the KPMG Marks in the United States, including in the Commonwealth of Pennsylvania, for many years to identify its services.  By virtue of KPMG LLP's long, extensive and continuous use of the KPMG Marks throughout the United States, including in the Commonwealth of Pennsylvania, the KPMG Marks have acquired great recognition and have become and continue to be famous.

80.     The KPMG Marks were famous and distinctive in the Commonwealth of Pennsylvania years before Defendants commenced use of the Infringing Names.

81. Defendants' aforementioned use of the Infringing Names in commerce in the Commonwealth of Pennsylvania is likely to cause actual dilution by blurring, in that such use impairs the distinctiveness of the famous KPMG Marks and dilution by tarnishment of the famous KPMG Marks in that such use by persons or entities not affiliated with Plaintiffs harms the reputation of the famous and distinctive KPMG Marks.

82. Defendants' acts set forth above constitute trademark dilution in violation of 54 Pa. Cons. Stat. § 1124.

83. Defendants' acts of dilution by blurring and dilution by tarnishment have caused irreparable injury and damage to Plaintiffs, and unless this Court enjoins Defendants from further commission of said acts, Plaintiffs will continue to suffer irreparable injury and damage for which they have no adequate remedy at law.

84. On information and belief, because of Defendants' knowledge and awareness of the fame and distinctiveness of the KPMG Marks at the time they adopted and used the Infringing Names, Defendants actions were willful, and intentionally designed to trade off of and dilute the fame of the KPMG Marks.

85. Plaintiffs are entitled to injunctive, monetary and other relief pursuant to 54 Pa. Cons. Stat. §§ 1124 and 1125.

### Count VI - Common Law Unfair Competition
**(Violation of Pennsylvania Unfair Competition Law)**

**(Against both Defendants)**

86. Plaintiffs re-allege paragraphs 1-85 as though set forth in full herein.

87. Defendants' use in Pennsylvania of the Infringing Names as complained of above capitalizes and trades upon and is intended to capitalize and trade upon the goodwill and reputation of Plaintiffs and the KPMG Marks.

88. Defendants' use in Pennsylvania of the Infringing Names as complained of above usurps, dilutes, and otherwise prejudices and tarnishes Plaintiffs' reputation by exploiting, without authorization, the reputation and goodwill associated with the KPMG Marks, thus constituting unfair competition under the common law of Pennsylvania.

89. Defendants' acts of unfair competition complained of herein have caused irreparable injury and damage to Plaintiffs, and unless enjoined will continue to cause irreparable injury and damage to Plaintiffs for which Plaintiffs have no adequate remedy at law.

90. For this unfair competition, Plaintiffs are entitled to injunctive, monetary and other relief pursuant to the common law of Pennsylvania.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs pray the Court for its judgment:

1. Enjoining Defendants and Defendants' officers, agents, servants, employees, and attorneys, and all others acting in active concert or participation with them, who receive actual notice of the judgment, from using as or as part of any trademark, service mark, trade name, company name, corporate name, domain name, or other indicia of origin: (a) KPMGroup, KPM Group, WWW.KPMGRP.COM, or (b) any word, term or phrase that includes the letters KPM followed by the letter G, or any word or term that begins with the letter G, with or without a space between KPM and the letter G (or the word or term that begins with the letter G); or (c) any other word, term or phrase that is confusingly similar to the KPMG Marks;

2. Enjoining Defendants from using the domain name WWW.KPMGRP.COM in any manner, and ordering Defendants to take all necessary steps to transfer the domain name WWW.KPMGRP.COM to Plaintiffs or, alternatively, to have the domain name cancelled;

3. Directing Defendants to provide an accounting of all revenues and profits derived from their activities under the name, mark or domain name KPMGroup, KPM Group and WWW.KPMGRP.COM, or any other name, mark or domain name that includes the letters KPM followed by the letter G, or any word or term starting with the letter G;

4. Awarding Plaintiffs:

(a) Defendants' profits arising from Defendants' aforementioned infringing, deceptive, unfair, diluting or otherwise improper activities;

(b) the damages sustained by Plaintiffs as a result of these infringing, unfair, deceptive, diluting, or other activities in violation of federal or state law, which damages should be trebled by reason of Defendants' willfulness; and

(c) the costs in association with this action, as this Court may determine to be fair and appropriate pursuant to Section 35(a) of the *Lanham Act*, 15 U.S.C. § 1117(a);

5. Declaring that Defendants' willful acts of infringement, unfair competition and deception make this an exceptional case within the meaning of Section 35(a) of the *Lanham Act*, 15 U.S.C. § 1117(a), and awarding to Plaintiffs their reasonable attorneys' fees; and

6. Awarding to Plaintiffs such other and further relief as the Court deems just and proper.

Dated: March 10, 2010

Respectfully submitted,

_____

Hara K. Jacobs
Pa. Bar No. 74832
Steven D. Kim
Pa. Bar No. 203459
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel:      (215) 864-8122
Fax:     (215) 864-9751
E-mail:  jacobsh@ballardspahr.com
             kims@ballardspahr.com

*Of Counsel:*

Martin P. Michael
Rebecca Hughes Parker
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY  10020
Tel:      (212) 768-6700
Fax:     (212) 768-6800

*Attorneys for Plaintiffs KPMG International Cooperative and KPMG LLP*

# EXHIBIT A

Int. Cls.: 9, 16, 35, 36, 41 and 42

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, 102 and 107

Reg. No. 2,339,547

# United States Patent and Trademark Office

Registered Apr. 11, 2000

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

# KPMG

KPMG PEAT MARWICK LLP (DELAWARE LIMITED LIABILITY PARTNERSHIP)
THREE CHESTNUT RIDGE ROAD
MONTVALE, NJ 07645

FOR: PRERECORDED COMPUTER PROGRAMS IN THE FIELD OF ACCOUNTING, AUDITING, TAX AND MANAGEMENT CONSULTING, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).
FIRST USE 4–0–1987; IN COMMERCE 4–0–1987.
FOR: PRINTED MATTER, NAMELY, BOOKS AND BROCHURES DEALING WITH ACCOUNTING, AUDITING, TAX AND MANAGEMENT CONSULTING, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).
FIRST USE 4–0–1987; IN COMMERCE 4–0–1987.
FOR: ACCOUNTING, AUDITING, TAX AND MANAGEMENT CONSULTING SERVICES; DATA PROCESSING SERVICES IN THE ACCOUNTING AND BUSINESS OPERATION FIELDS AND BUSINESS MANAGEMENT SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).
FIRST USE 4–0–1987; IN COMMERCE 4–0–1987.
FOR: FINANCIAL CONSULTING, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).
FIRST USE 4–0–1987; IN COMMERCE 4–0–1987.
FOR: EDUCATIONAL SERVICES, NAMELY, CONDUCTING SEMINARS AND COURSES IN THE FIELD OF ACCOUNTING, AUDITING, TAX AND CONSULTING SERVICES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).
FIRST USE 4–0–1987; IN COMMERCE 4–0–1987.
FOR: DESIGN OF COMPUTER SOFTWARE AND COMPUTER PROGRAMMING SERVICES, IN CLASS 42 (U.S. CLS. 100 AND 101).
FIRST USE 4–0–1987; IN COMMERCE 4–0–1987.

SER. NO. 75–318,948, FILED 7–3–1997.

R. M. FEELEY, EXAMINING ATTORNEY

Int. Cls.: 9, 16, 35, 36, 41 and 42

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37,
38, 50, 100, 101, 102 and 107

## United States Patent and Trademark Office

Reg. No. 2,386,745
Registered Sep. 19, 2000

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



KPMG PEAT MARWICK LLP (DELAWARE LIMITED
  LIABILITY PARTNERSHIP)
THREE CHESTNUT RIDGE ROAD
MONTVALE, NJ 07645

FOR: PRERECORDED COMPUTER PROGRAMS IN THE FIELD OF ACCOUNTING, AUDITING, TAX AND MANAGEMENT CONSULTING, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 4–0–1987; IN COMMERCE 4–0–1987.

FOR: PRINTED MATTER, NAMELY, BOOKS AND BROCHURES DEALING WITH ACCOUNTING, AUDITING, TAX AND MANAGEMENT CONSULTING, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 4–0–1987; IN COMMERCE 4–0–1987.

FOR: ACCOUNTING, AUDITING, TAX AND MANAGEMENT CONSULTING SERVICES; DATA PROCESSING SERVICES IN THE ACCOUNTING AND BUSINESS OPERATION FIELDS AND BUSINESS MANAGEMENT SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4–0–1987; IN COMMERCE 4–0–1987.

FOR: FINANCIAL CONSULTING SERVICE, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4–0–1987; IN COMMERCE 4–0–1987.

FOR: EDUCATIONAL SERVICES, NAMELY, CONDUCTING SEMINARS AND COURSES IN THE FIELD OF ACCOUNTING, AUDITING, TAX AND CONSULTING SERVICES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 4–0–1987; IN COMMERCE 4–0–1987.

FOR: DESIGN OF COMPUTER SOFTWARE AND COMPUTER PROGRAMMING SERVICES, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 4–0–1987; IN COMMERCE 4–0–1987.

SER. NO. 75–316,622, FILED 6–27–1997.

R. M. FEELEY, EXAMINING ATTORNEY

# EXHIBIT B



**Home** | **About Us** | **Our Services** | **Resources** | **Relationships** | **Contact Us**

## Corporate Overview

KPM Group has extensive relationships with the leading technology product companies and works a network of resource organizations to optimize skills for our clients. Our commitment to client satisfaction strengthens and extends our relationships. For example, our top client in fiscal year 2007, based on revenue, has been a client for at least five years. Among the strengths that distinguish KPM Group in the marketplace are our:

- Extensive industry expertise,
- Innovative and evolving service offerings,
- Expertise in business transformation,
- History of technology innovation and implementation,
- Commitment to the long-term development of our employees,
- Proven and experienced management team.

### World Class Expertise

- Founded in 2004
- Privately Held
- Global client reference base
- International engagement experience
- Network of over 5,000 professionals with extensive business and technical skills in:

  - Program Management
  - Business Transformation
  - Business Applications
  - Business Intelligence

© 2008 KPM Group. All rights reserved.